FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 30 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

          Plaintiff,

  - against-

TWO HUNDRED SEVENTY-TWO
THOUSAND DOLLARS AND NO
CENTS ($272,000), MORE OR LESS,
IN UNITED STATES CURRENCY
SEIZED FROM RESIDENCE OF
YUAHUA ZHU AT 14 WIMBLEDON
COURT, JERICHO, NEW YORK,
ON OR ABOUT JUNE 6, 2016, AND
ALL PROCEEDS TRACEABLE
THERETO,

          Defendants in *rem*.

---------------------------------------------------------X

MEMORANDUM DECISION
AND ORDER
1:16-cv-06564 (AMD) (RLM)

**ANN M. DONNELLY, United States District Judge:**

On November 23, 2016, the United States of America commenced this civil forfeiture action *in rem*, pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6), alleging that $272,000 of seized funds ("the Defendant Funds") were forfeited and condemned to the use and benefit of the United States of America in connection with a money laundering transaction or attempted transaction. (ECF No. 1 at 1-2.)[1] On December 2, 2016, I issued a seizure warrant for the Defendant Funds. (ECF No. 6.) On March 11, 2017, claimant Wayne Zou ("Zhou") filed a claim pursuant to FRCP SUPP AMC Rule G (G)(5)(a)(i)(C), asserting ownership of $250,000 of the Defendant Funds. (ECF No. 13.)

---

[1] On January 25, 2017, Yuhua Zhu ("Zhu"), the resident of the premises where the Defendant Funds were found, filed a claim alleging she was the owner of $22,000 of the Defendant Funds. (ECF No. 11.) On June 18, 2018, Zhu reached a settlement with the Government resolving her claim. (ECF No. 40.)

1

On April 13, 2018, Zhou's counsel moved to withdraw from representing Zhou. (ECF Nos. 28, 29.) On April 13, 2018, Judge Roanne Mann deferred her ruling on the motion because counsel had not stated whether Zhou consented to their motion; she ordered counsel and Zhou to attend a status conference on April 25, 2018. On April 18, 2018, Zhou's counsel informed the Court that Zhou had not responded to any of their communications for over a year. (ECF No. 30.) On April 19, 2018, Judge Mann warned that if Zhou did not appear at the April 25, 2018 conference or participate in this action, she would recommend that his claim be dismissed with prejudice for failure to prosecute. (ECF No. 31.) Zhou did not appear at the April 25th conference and Judge Mann granted his attorney's motion to withdraw. (ECF No. 35.) She also gave Zhou "one final opportunity to demonstrate his desire to prosecute his claim to the seized funds," and directed Zhou to "show cause, in writing, by April 30, 2018, why a default judgment should not be entered against him, dismissing his claim to the funds." (*Id.*) Zhou did not respond or otherwise comply with Judge Mann's order.

On July 18, 2018, the Government moved to dismiss Zhou's claim for lack of prosecution. (ECF No. 42.) Judge Mann directed Zhou to respond to the application by July 27, 2018, and warned that if Zhou did not comply with her order "his claim to the funds will likely be extinguished." (July 19, 2018 Order.) To date, Zhou has not complied with Judge Mann's order or taken any further action with respect to his claim.

In a Report and Recommendation issued on October 12, 2018, Judge Mann recommended that I strike Zhou's claim for failure to comply with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and enter judgment in favor of the Government. (ECF No. 44.) No objections have been filed to the Report and Recommendation, and the time for doing so has passed. (*Id.*)

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no party has objected to the magistrate judge's recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

I have carefully reviewed Judge Mann's thoughtful and cogent Report and Recommendation, and find no error. Accordingly, I adopt the Report and Recommendation in its entirety. Zhou's claim to the Defendant Funds is stricken and default judgment is entered in the Government's favor.

**SO ORDERED.**

s/Ann M. Donnelly
───────────────────────
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
　　　　October 30, 2018